**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-25407-BLOOM**

DUANE WALKER,

     Petitioner,

v.

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____/

## ORDER DISMISSING 28 U.S.C. § 2254 PETITION

**THIS CAUSE** is before the Court upon Petitioner Duane Walker's ("Petitioner") *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, ECF No. [1], challenging his conviction and sentence in Case No. F00-25707 in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.[1] The Court has screened the Petition in accordance with Rule 4 of the Rules Governing § 2254 Cases. For the following reasons, the Petition is summarily dismissed.

## I.    LEGAL STANDARD

Rule 4 of the Rules Governing § 2254 Cases requires the district court to dismiss a § 2254 petition without ordering the State to respond "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rules Governing § 2254 Cases, R. 4. To survive Rule 4 review, the petition "must set forth facts that, if true, would establish a constitutional violation entitling the petitioner to relief." *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 653 (11th Cir. 2020) (citing *Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011)).

---

[1] Pursuant to Fed. R. Evid. 201, the Court may take judicial notice of the online docket in Petitioner's state criminal case. *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 652 (11th Cir. 2020). The state court record is available at: https://www2.miamidadeclerk.gov/cjis/ (search case number "F-200-025707").

**II.      DISCUSSION**

Petitioner challenges the conviction and sentence rendered in Case No. F00-25707 in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. ECF No. [1] at 2. It is evident from the face of the Petition that Petitioner's challenge is time-barred. The AEDPA establishes a one-year statute of limitations for all federal habeas petitions. *See* 28 U.S.C. § 2244(d)(1). Under the AEDPA, the limitations period shall run from the latest of—

> (A)      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)      the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action;
>
> (C)      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D).

Petitioner argues that the Petition is timely under sub-section (B) because the State created an unconstitutional impediment to his filing the Petition. ECF No. [1] at 4. He contends that (1) an active stay of proceedings, and (2) a filing restriction prohibiting Petitioner from filing *pro se* motions or pleadings constitute unconstitutional impediments created by State action. *Id*. Under sub-section (B), a Petitioner cannot be faulted for failing to obtain timely review of a constitutional claim while Petitioner is prevented from filing application by an "impediment . . . created by State action in violation of the Constitution or laws of the United States." 28 U.S.C. § 2244(d)(1)(B);

*see also Lackawanna Cty. Dist. Atty. v. Coss*, 532 U.S. 394, 405 (2001). Neither the active stay of proceedings nor the filing restriction constitutes unconstitutional State action that prevented Petitioner from obtaining timely review of his constitutional claims. As to the active stay of proceedings, Petitioner concedes that notwithstanding the stay, he has filed multiple post-conviction motions. ECF Nos. [1] at 5; [1-1] at 4-5. And the filing restriction preventing Petitioner from filing any further *pro se* motions or pleadings was imposed in 2025, well after Petitioner was required to obtain timely review of his constitutional claims. *See* Docket Entry 866, *Florida v. Walker*, No. F00-25707 (Fla. 11th Cir. Ct. June 7, 2025); *see also* ECF No. [1-1] at 4. Accordingly, the relevant limitations period established by the AEDPA is sub-section (A) because Petitioner has not established that the State created an unconstitutional impediment to the timely filing of his Petition, and he does not raise any claims that rely on a newly recognized constitutional right or newly discovered facts. *See* 28 U.S.C. § 2244(d)(1)(A)–(D). Thus, Petitioner had one year from the date his conviction became final to file a § 2254 petition.

The date on which a judgment becomes final is the day that (1) direct review concludes or (2) the time for seeking such review expires. *See Gonzalez v. Thaler*, 565 U.S. 134, 149-50 (2012) (citing § 2244(d)(1)(A)). Petitioner's judgment of conviction was entered on October 18, 2011. ECF Nos. [1] at 2; [1-1] at 19-22. Petitioner did not file a direct appeal. ECF No. [1] at 2 ("No direct appeal was taken from the judgment of conviction."). Under Florida law, a criminal defendant has 30 days to appeal a judgment of conviction. *See* Fla. R. App. P. 9.110(b), 9.140(b)(3). Thus, Petitioner's judgment became final on November 18, 2011, thirty days after Petitioner's judgment of conviction was entered, when the time for seeking direct review expired. Petitioner had until November 18, 2012, to timely file the instant habeas petition.

Under 28 U.S.C. § 2244(d)(2), the one-year limitations period is tolled while a properly

filed state post-conviction motion is pending. *See Thompson v. Sec'y, Dep't of Corr.*, 595 F.3d 1233, 1235 (11th Cir. 2010). In other words, the one-year clock continues to tick during any gaps in the post-conviction review process. *See San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011). Notwithstanding statutory tolling under § 2244(d)(2), Petitioner's challenge is untimely because the state court docket contains gaps of multiple years during which no post-conviction motion was pending. *See* ECF No. [1-1] at 4-5.

Petitioner is also not entitled to equitable tolling. The Eleventh Circuit "has held that an inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008). Petitioner contends that he is entitled to equitable tolling due to extraordinary circumstances and that he "has been diligent to the best of his ability, filing multiple post-conviction motions until the court prohibited him from doing so." ECF No. [1] at 5. The State court record reveals that Petitioner did not file a motion for post-conviction relief until September 18, 2015, nearly four years after his judgment of conviction was entered. ECF No. [1-1] at 5. The Court finds that Petitioner has not met the strong burden to show shown that he pursued his rights diligently and that an extraordinary circumstance stood in his way and prevented timely filing. *See generally* ECF No. [1].

In extremely limited circumstances, a habeas petitioner can present an untimely claim if he shows that he's "actually innocent" of the crime. *See Rozzelle v. Sec'y, Fla. Dep't of Corr.*, 672 F.3d 1000, 1011 (11th Cir. 2012) ("[Actual innocence] serve[s] as a gateway to consideration of constitutional claims time-barred under AEDPA's one-year limitations period."). To avail himself of the actual-innocence exception, a petitioner must satisfy two elements. *First*, he must "support the actual innocence claim 'with new reliable evidence—whether it be exculpatory scientific

4

evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" *Arthur v. Allen*, 452 F.3d 1234, 1245 (11th Cir. 2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). In this context, "[a]ctual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (cleaned up). *Second*, he must show "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt in light of the new evidence." *Rozzelle*, 672 F.3d at 1011 (cleaned up). Petitioner fails to satisfy either element necessary for the actual innocence exception to apply. *See generally* ECF No. [1]. Accordingly, Petitioner's challenge to the judgment and sentence rendered in Case No. F00-25707 is dismissed as time-barred.

## III.   CONCLUSION

For the following reasons, it is **ORDERED AND ADJUDGED** that:

1. The Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, **ECF No. [1]**, is **DISMISSED WITH PREJUDICE** as time-barred.

2. A certificate of appealability is **DENIED** because Petitioner has failed to make a substantial showing of the denial of a constitutional right. *See* § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

3. The Clerk is directed to **CLOSE** this case and mail a copy of this Order to Petitioner at the address of record.

4. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

Case No. 26-cv-25407-BLOOM

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 12, 2026.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of record

Duane Walker, *Pro Se*
188369
Charlotte Correctional Institution
Inmate Mail/Parcels
33123 Oil Well Road
Punta Gorda, FL 33955